national bank bills. This the defendant's counsel denies, and I am unable, from my notes or recollection, to say which is right. But, this is certain, no such point was called to my attention on the trial. A general objection was made, that the averment of the indictment in respect to the contents of the letter had not been proved; but, it was replied, that the letter had been proved to contain three one dollar bills. There may, also, have been something said about the necessity of proving that the bills were bills of the United States, but, I am certain the objection now made, that, upon the evidence, the bills may have been bills of some state bank, and so not obligations of the United States, as averred in the indictment, was not brought to my consideration at the trial. Such an objection, if intended to be relied on, should have been made in a manner sufficiently formal to attract the attention of the court, and when the omission, if it existed, could, beyond reasonable doubt, have been cured. Made first at this time, in any formal manner, it is justly to be disregarded. The motion for a new trial is, for these reasons, denied.

═══

## Case No. 15,477.

### UNITED STATES v. JERNEGAN.

[4 Cranch, C. C. 1.] [1]

Circuit Court, District of Columbia. April Term, 1830.

BIGAMY—WHERE INDICTMENT TO BE TRIED.

An indictment for bigamy must be tried in the county in which the second marriage was celebrated.

Indictment [against Bernard A. Jernegan] for bigamy. The second marriage was in the county of Washington, D. C.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that it could not be tried here (in Alexandria county). under the statute of Virginia of 22d December, 1792, p. 195, c. 104, § 14.

═══

## Case No. 15,478.

### UNITED STATES v. JOE.

[4 Chi. Leg. News, 105; 15 Int. Rev. Rec. 57.]

District Court, D. Washington Territory. Sept. Term, 1871.

JURISDICTION OF FEDERAL COURTS—CRIMINAL INFORMATIONS.

1. The proceeding by criminal information in the United States courts is, so far as the court is aware, with a single exception, entirely unknown.

[Disapproved in Re Wilson, 18 Fed. 34.]

2. The supreme court is the only court of the United States which derives any part of its power directly from the constitution. The circuit and district courts are, by authority of the constitution, creatures of the national legislature having such jurisdiction, and only such, as congress has been pleased to confer upon them, and having no common law jurisdiction, though drawing upon the common law for modes of procedure and practice when necessary to carry into effect the jurisdiction given by statute.

[Cited contra in U. S. v. Block, Case No. 14,-609.]

3. The district courts of the territory although they may in a sense be said to be of general jurisdiction, yet in the exercise of their jurisdiction, and the settlement of their practice as circuit and district courts of the United States, are subject to like limitations, with the circuit and district courts themselves. The act of 1789 to establish the judiciary system is an express grant in so many words. It gives jurisdiction over crimes and other matters in it expressly enumerated, and is also an example of grant by implication, for in the express grant of criminal jurisdiction is contained impliedly a grant of authority to summon and regulate grand juries. If the circuit and district courts of the United States have jurisdiction to proceed in criminal causes upon information that authority must spring from the constitution and statutes of the United States either expressly or by implication.

4. The court construes that part of the Vth amendment to the United States constitution relating to prosecutions by indictment and information and the various acts of congress, and defines the powers of the federal courts in criminal cases, and the proper mode of proceeding.

Leander Holmes, U. S. Atty., for the motion.

GREENE, J. The attorney of the United States comes and files a criminal information, charging one Cultus Joe with the offense of selling spirituous liquor to an Indian, contrary to the statute; and moves that a warrant of arrest issue against the accused, that he may be imprisoned or bailed for trial before this court. It is contended that the proceeding by information is concurrent in such cases as this with that by indictment, and is preferable as being the less expensive and more simple mode. There is no doubt in my mind that, if this court can take cognizance of crimes not capital nor infamous, upon information of the United States attorney, a warrant of arrest may properly issue in this case. It is not urged by the prosecuting officer, and does not appear to me, that there is any authority of law which would allow the proceeding by information in this case, which would not also allow it in every case of an offense not capital nor infamous. Nor does there appear to be any reason why an information should not lie in this case, if properly lying in any other. In short, the offense charged is one of a large class of offenses, and the argument before me is, that this class of offenses, and this particular offense, because one of the class, may, under the constitution and laws of the United States, properly be prosecuted by information. Although not infrequent in England and some of the states, the proceeding by criminal information in the United States courts, so far as I am aware, is (with perhaps a single exception, which I will hereafter specify) entirely unknown. By English common law, the attorney-general, or in

─────
[1] [Reported by Hon. William Cranch, Chief Judge.]